The **THOMAS KINKADE COMPANY,** formerly known as Media Arts Group, Inc., a Delaware corporation, Plaintiff—Appellant,

v.

David **KAYNE,** an individual; Tracey Kayne, an individual; Kayne Art Galleries of Georgia, Inc., a Georgia corporation, Defendants—Appellees.

No. 05–15245.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 20, 2007.

Filed May 24, 2007.

Daniel Albertstone, Esq., Melissa E. Addison, Esq., Alschuler Grossman Stein & Kahan, LLP, Santa Monica, CA, Dana N. Levitt, Esq., Charles E. Weir, Esq., McDermott Will & Emery, Los Angeles, CA, for Plaintiff–Appellant.

Charles L. Coleman, III, Esq., Matthew P. Vafidis, Esq., Chung–Han Lee, Esq., Holland & Knight LLP, San Francisco, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and FEESS *, District Judge.

---

* The Honorable Gary A. Feess, United States District Judge for the Central District of Cali-

MEMORANDUM **

The Thomas Kinkade Company ("TKC") appeals the district court's vacation of an arbitration award in its favor and against David Kayne personally. TKC initiated arbitration against Kayne Art Galleries ("KAG") to recover money owed under an agreement to sell Thomas Kinkade's artwork. David Kayne signed the agreement in his capacity as president of KAG, but not in his personal capacity.

 The district court correctly determined that the arbitration panel exceeded the scope of its authority by determining in the first instance that the issue of Kayne's personal liability was arbitrable. When parties have not clearly and unmistakably agreed to allow an arbitration panel to decide whether it has jurisdiction to arbitrate a particular issue, the court must presume that the parties did not so agree. *First Options of Chicago v. Kaplan*, 514 U.S. 938, 943–44, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Moreover, the district court correctly held that Kayne did not agree to submit the issue of his personal liability under the contract to the arbitration panel. In his answer to the demand for arbitration, Kayne expressly denied any personal obligation which necessarily included any agreement to arbitrate and stated that he acted only in a corporate capacity. He did not agree to submit the issue to the arbitrator. *See Ralph Andrews Productions, Inc. v. Writers Guild of Am. West*, 938 F.2d 128 (9th Cir.1991).

AFFIRMED.

fornia, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.